UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROGER DALE GARNER, §<br>TDCJ No. 02224466, §<br>§<br>Petitioner, §<br>§<br>v. §<br>§<br>LORIE DAVIS, Director, §<br>Texas Department of Criminal Justice, §<br>Correctional Institutions Division, §<br>§<br>Respondent. § | CIVIL NO. SA-20-CA-0175-DAE |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner Roger Dale Garner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1), Respondent Lorie Davis's Answer (ECF No. 12), and Petitioner's Reply (ECF No. 15) thereto. Petitioner challenges the constitutionality of his 2018 state court conviction for retaliation, arguing he received ineffective assistance when counsel failed to present mitigating evidence on his behalf during the punishment phase. In her answer, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

### I. Background

In August 2018, Petitioner plead guilty to one count of retaliation and was sentenced to five years of imprisonment. *State v. Garner*, No. 18-0046-CR-A (2nd 25th Dist. Ct., Guadalupe

Cnty., Tex. Aug. 16, 2018); (ECF No. 13-9 at 8-9). Pursuant to the plea bargain agreement, Petitioner judicially confessed to committing the offense and waived his right to appeal. (ECF Nos. 13-7 at 15, 13-8 at 1-3, 13-9 at 1-2). As a result, Petitioner did not appeal his conviction and sentence.

Instead, Petitioner challenged his conviction by filing a state habeas corpus application on September 10, 2018. *Ex parte Garner*, No. 89,067-01 (Tex. Crim. App.); (ECF No. 13-6 at 8). The Texas Court of Criminal Appeals (TCCA) denied the application without written order on November 7, 2018. (ECF No. 13-1). Petitioner then waited over fourteen months to file the instant federal habeas petition, which was placed in the prison mail system on January 30, 2020. (ECF No. 1 at 10).

## II. Timeliness Analysis

Respondent contends the allegations raised in Petitioner's federal habeas petition are barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's conviction became final September 17, 2018, when the time for appealing the judgment and sentence expired. *See* Tex. R. App. P. 26.2 (providing a notice of appeal must be filed within thirty days following the imposition of a sentence).[1] As a result, the

---

[1] Because the 30-day limitations period ended on Saturday, September 15, 2018, the time for appealing the judgment was extended until the following Monday, September 17, 2018, under Rule 4.1 of the Texas Rules of Appellate Procedure.

2

limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction and sentence expired a year later on September 17, 2019. Because Petitioner did not file his § 2254 petition until January 30, 2020—over four months after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

### A.  Statutory Tolling

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Petitioner is, however, entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." As discussed previously, Petitioner challenged the instant conviction in a state habeas application filed on September 10, 2018, which was later denied by the TCCA on November 7, 2018. Accordingly, Petitioner's state habeas application tolled the limitations period for a total of 59 days, making his federal petition due on November 15, 2019. Again, Petitioner did not file his § 2254 petition until January 30, 2020, still over two months too late.[2]

---

[2]  In his Reply, Petitioner contends he mistakenly filed his federal petition in the Fifth Circuit Court of Appeals instead of this Court. Even if this were true, Petitioner's filing in the Fifth Circuit would not entitle him to statutory tolling of the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that an application for federal habeas review is not an "application for State post-conviction or other collateral review" as contemplated by 28 U.S.C. § 2244(d)(2)).

**B.**     <u>Equitable Tolling</u>

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner fails to establish that equitable tolling should apply in this case. In his Reply, Petitioner appears to request tolling based on the fact that, as a layman and "not from Texas," he mistakenly filed his federal petition in the Fifth Circuit before filing in this Court. But even with the benefit of liberal construction, Petitioner has provided no justification for the application of equitable tolling, as Petitioner's alleged mistake is hardly an "extraordinary circumstance" that prevented his timely filing. Moreover, Petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Furthermore, Petitioner fails to demonstrate that he has been pursuing his rights diligently. Each of Petitioner's allegations concern the constitutionality of his 2018 guilty plea and five-year sentence for retaliation. However, Petitioner fails to show that these claims (or supporting evidence) could not have been discovered and presented at an earlier date, much less explain why he waited over fourteen months from the denial of his state habeas application in

4

November 2018 to challenge his conviction in federal court. Because Petitioner does not assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his allegations in this Court, his petition is untimely and barred by § 2244(d)(1).

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id.* In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack*, 529 U.S. at 484). In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## IV. Conclusion

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED**, and Petitioner Roger Dale Garner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

3. No Certificate of Appealability shall issue in this case; and

4. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the ___5___ day of June, 2020.

_____
DAVID A. EZRA
SENIOR U.S. DISTRICT JUDGE